JOURNAL ENTRY AND OPINION
Jerome Wells appeals from a judgment of the common pleas court classifying him as a sexual predator in accordance with the provisions of Chapter 2950 of the Revised Code. On appeal, he challenges the evidence upon which the court based its determination that he is a sexual predator, the adequacy of the trial court's hearing held prior to making the sexual predator determination, the constitutionality of the sexual predator label, and the court's refusal to appoint an expert. After reviewing these issues and the pertinent law, we affirm the judgment of the trial court.
The history of this case reveals that on October 24, 1988, the grand jury indicted Jerome Wells for one count of gross sexual imposition with a violence specification for his conviction of aggravated assault on September 13, 1982. On December 14, 1988, he pled guilty to the indictment and the court sentenced him to two to ten years to be served concurrently with his conviction on the charge of intimidation with two violence specification.
Ten years later, just prior to his release from prison, the court conducted a sexual predator classification hearing where the prosecutor stated the facts of the 1988 gross sexual imposition case: Wells had been caught fondling the seven-year-old daughter of his then girlfriend. Specifically, while her mother slept, Wells would take off his clothing, get in bed with her, and put his penis on her buttocks and play with her vagina. In addition, the prosecutor referred to his prior criminal record, specifically, a prior sexual imposition of another child, age six at the time, in 1982. At the classification hearing, Wells presented no evidence. Thereafter, the court found him to be a sexual predator.
Wells now appeals from that determination, and presents five assignments of error for our review. Because assignments of error one and four concern similar issues, we will consider them together. They state:
 I. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 IV. THE TRIAL COURT ERRED WHEN IT SHIFTED THE BURDEN OF PROOF UPON THE APPELLANT TO PROVE THAT HE WAS NOT A SEXUAL PREDATOR WHEN IT WAS REQUIRED TO FIND THAT THE APPELLANT WAS A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE PURSUANT TO R.C. 2950.09(B)(3).
Wells contends the court abused its discretion in determining him to be a sexual predator because the state did not present clear and convincing evidence he is likely to participate in sexually oriented offenses in the future and because he claims the court shifted the burden of proof to him to prove that he is not a sexual predator.
The state, however, urges this court to affirm the judgment of the trial court because it sustained its burden of proof and because the court based its decision to label Wells a sexual predator on the evidence of his prior criminal record, the recommendation of the Department of Rehabilitation and Corrections and witness statements offered at the hearing. Thus, the issue on appeal concerns whether the trial court properly classified Wells as a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Furthermore, R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2) in making his or her findings. See State v. Cook (1998), 83 Ohio St.3d 404.
In its consideration of relevant factors following the hearing in this case, the court considered his prior convictions for sexual imposition of one of the victims, aggravated assault, theft and burglary; the age of the victim, in this case being seven years old; that Wells used his position as a guardian to facilitate the crimes; the fact that the victim is the child of his ex-girlfriend; and his history of violent behavior. This evidence supports the court's classification of Wells as a sexual predator and its conclusion that he is likely to commit another sexually oriented offense.
Additionally, a question has arose regarding whether the trial court impermissibly shifted the burden to Wells to prove that he is not a sexual predator, when, during the hearing, the court, addressing defense counsel, stated:
 Mr. Shaughnessy, if you wish a psychiatric exam to determine whether or not that ten years period of rehabilitation rehabilitated this man to determine whether or not he is no longer a sexual predator, then the burden is upon the defense in this case to show that he is not a sexual predator. The burden is shifted in that respect. The court doesn't deem that your request for psychiatric report to be compelling to make the determination that he is a sexual predator in light of his history.
Crim.R. 52(A) states:
 Any error, defect irregularity, or variance which does not affect substantial rights shall be disregarded.
Further, we conclude the court's statement regarding the burden of proof is harmless error, based on the court's consideration of the statutory factors and its finding by clear and convincing evidence Wells should be classified as a sexual predator. Accordingly, these assignments of error are overruled.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. 2950.01 ET AL. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 III. THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A "SEXUAL PREDATOR" BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OR ARTICLE I
OF THE OHIO CONSTITUTION.
These assignments of error concern issues which have been decided by a panel of our court in State v. Ward (1999),130 Ohio App.3d 551. Accordingly, in conformity with that opinion, we reject these contentions and overrule the assignments of error.
 V. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT IN VIOLATION OF R.C. 2950.09 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 TO THE OHIO CONSTITUTION.
Wells argues the court abused its discretion when it failed to provide him an expert psychological evaluation. The state maintains the court did not abuse its discretion in failing to appoint an expert. The issue before us, then, is whether the court abused its discretion in this matter.
In State v. Esparza (1988), 39 Ohio St.3d 8, where the court denied a request for an expert in connection with a sentencing hearing, the syllabus states:
 * * * expert services must be provided to an indigent defendant only if the court determines within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024.
As the court stated in Cook, supra, a sexual predator hearing is similar to a sentencing hearing; and the classification by the court is not considered punishment; therefore, the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis. Here, the record reveals that Wells failed to file a motion for a psychological/psychiatric expert but requested one at the sexual predator hearing. In denying this request, the court indicated that granting the motion would cause Wells to be incarcerated beyond his release date and that it would be unwilling to do so unless Wells' defense counsel agreed to it, which he failed to do. Thus, after review, we have concluded the court did not abuse its discretion in determining that such an expert witness had not been reasonably necessary to the proper representation of Wells in this case. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES M. PORTER, J., CONCUR.
 ____________________________________ PRESIDING JUDGE TERRENCE O'DONNELL